UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ALOHA AIR CONDITIONING, INC.,   CASE NO._____
a Florida corporation,

        Plaintiff,

v.

LIOR POYASTRO, individually and
COOL AIR USA, INC., a Florida
Corporation,

        Defendants.
_____/

# C O M P L A I N T

**COMES NOW**, the Plaintiff, *Aloha Air Conditioning, Inc.*, a Florida corporation ("Plaintiff") and sues Defendants, *Lior Poyastro,* individually *("Poyastro")* and *Cool Air USA, Inc.,* a Florida corporation *("Cool Air")* collectively "Defendants", and alleges as follows:

## JURISDICTION

1. This is an action for injunctive and other relief under the Federal Trademark Act, 15 U.S.C. §1051, et seq. ("Lanham Act"), particularly 15 U.S.C. § 1125(a), under Chapter 495 of the Florida Statutes and under the common law of the State of Florida, particularly for service mark infringement, related unfair competition and dilution.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1338(b).

3. Upon information and belief, jurisdiction is proper in that:

a. Defendants operate, conduct, engage in, or carry on a business or business venture in this State, and the Southern District of Florida, within the meaning of Fla. Stat. §48.193(1)(a). Defendants specifically operate and/or maintain a business located at 4151 SW 47th Avenue, Suite 2B, Davie, FL 33314 and operate a website, accessible in Florida, at the domain address www.coolairusa.com.

b. Defendants have committed tortious acts within this State, and the Southern District of Florida, including the infringement set forth herein, within the meaning of Fla. Stat. § 48.193(1)(b) and Fla Stat. § 495.131.

c. Defendants have caused injury to the property of Plaintiff within this State, and the Southern District of Florida, namely Plaintiff's service mark rights and other intellectual property rights as set forth herein, arising out of acts or omissions by Defendants outside and within this state, while, at or about the time of the injury;

    i. the Defendants were engaged in solicitation or service activities within this State, and the Southern District of Florida, within the meaning of Fla. Stat. § 48.193(1)(f)(1); or

    ii. Defendants have been operating their business for offering air conditioning-related services within this State, and the Southern District of Florida, in the ordinary course of commerce, trade, or use, within the meaning of Fla. Stat. §48.193(1)(f)(2);

d. Defendants are engaged in substantial and not isolated activity within this State, and the Southern District of Florida, within the meaning of Fla. Stat. § 48.193(2).

## VENUE

4.     Venue is proper under 28 U.S.C. § 1391(b) in that, upon information and belief, a substantial part of the events occurred in the Southern District of Florida.  Furthermore, upon information and belief, Defendants market and advertise their infringing services in the Southern District of Florida and do business in the Southern District of Florida.

5.     Venue is proper under 28 U.S.C. § 1391(c) in that the Defendants' contacts are sufficient to subject them to personal jurisdiction in the Southern District of Florida, for the reasons set forth above in paragraph 4.

## THE PARTIES

6.     Plaintiff is a Florida corporation duly organized and existing under the laws of Florida.

7.     Upon information and belief, Poyastro is an individual sui juris residing in the State of Florida within the district of this Court.  Based on information and belief, Poyastro exercised authority and did in fact oversee, supervise and participate in and precipitate the acts that constitute service mark infringement and unfair competition in this cause of action. Poyastro exercised his authority to allow Cool Air USA, Inc. to commit acts that constitute service mark infringement and unfair competition and are thus jointly and severally liable to Plaintiff for these wrongful acts.  Further, upon information and belief, Poyastro is the dominant influence in Cool Air USA, Inc. and determined, directed and authorized the policies that resulted in infringement and unfair competition. Defendants also derived financial benefit from their wrongful acts of service mark infringement and unfair competition.

8. Based on information and belief, Poyastro personally participated in the creation and/or the decision to offer air conditioning-related repair, sales and services, referred to herein and otherwise, under the "Aloha AC Unit Repair" name.

9. Cool Air USA, Inc. is a corporation, duly organized and existing under the laws of Florida.

10. Upon information and belief, Poyastro and Cool Air USA, Inc. distribute, sell, advertise and offer air conditioning-related repair, sales and service online, in the State of Florida and the Southern District of Florida under the marks "Cool Air USA," "Aloha AC Unit Repair" and similar terminology.

## PLAINTIFF'S SERVICE MARK

11. Plaintiff is one of the premier sellers and distributors of air conditioners, air conditioning and heating repair, sales and service, including installation, maintenance, and other related services in South Florida.

12. For over thirty (30) years Plaintiff has offered for sale a diverse range of air conditioning-related repair, sales and service throughout South Florida under the service marks "Aloha", "Aloha AC", and "Aloha Air Conditioning" (collectively the "Aloha Marks"). Plaintiff's website for its store services can be found at www.alohaac.com.

13. Presently, Plaintiff has thousands of South Florida customers who purchase air conditioning and heating related repair, sales and service and products from Plaintiff.

14. Plaintiff developed its famous "Aloha Marks" as far back as 1982 and the foregoing marks were first used in U.S. commerce in 1982 and have been continuously used by Plaintiff since its first use in November 15, 1982.

4

15. As part of its use of the Aloha Marks, Plaintiff registered the domain name www.alohaac.com on January 10, 2000. See **Exhibit A**.

16. Since long prior to the acts of Defendants complained of herein and Defendants' wrongful adoption of the Aloha AC Unit Repair mark, Plaintiff has used the Aloha Marks as a mark for its air conditioning related repair, sales and service and has expended much money, time, and effort in advertising, promoting, marketing, and selling Plaintiff's air conditioning and heating repair, sales and service, including, but not limited to, through Plaintiff's www.alohaac.com website. Samples of Plaintiff's use of the Aloha Marks in commerce are attached as **Composite Exhibit B**. Plaintiff's Aloha Marks have been and continue to be associated in the public mind exclusively with Plaintiff in the field of air conditioning-related services.

17. Since long prior to the acts of Defendants complained of herein, the Plaintiff's Aloha Marks have been readily recognizable by the public as associated exclusively with Plaintiff by virtue of Plaintiff's long and continuous use of the Plaintiff's Aloha Marks.

18. The Plaintiff's Aloha Marks have been in continuous use in U.S. commerce since their adoption and first use in U.S. commerce.

19. The Plaintiff's Aloha Marks are inherently distinctive. The Plaintiff's Aloha Marks are also famous, including within the geographical area comprising the Southern District of Florida, based on Plaintiff's long and exclusive use of the Plaintiff's Aloha Marks in connection with Plaintiff's air conditioning and heating related repair, sales and service, all occurring prior to Defendants' wrongful adoption of the trade name "Aloha AC Unit Repair".

Bradley Legal Group, P.A., 15 Northeast 13th Avenue, Fort Lauderdale, FL 33302 (954 523 6160)

## DEFENDANTS' INFRINGING ACTIVITY

20. Long subsequent to Plaintiff's adoption and use of the distinctive Plaintiff's Aloha Marks in commerce, Defendants, upon information and belief, commenced their "Aloha AC Unit Repair" services physical and online business to sell, advertise, market and offer for sale air conditioning and heating related repair, sales and service. (Defendants' "Aloha AC Unit Repair" mark will be referred to as "Accused Mark"). A copy of Defendants' use of the Accused Mark is attached as **Composite Exhibit C.** Additional samples and variations are expected to be produced during discovery in this matter.

21. Long subsequent to Plaintiff's first use of Plaintiff's Aloha Marks and consumer recognition of Plaintiff's Aloha Marks, and, upon information and belief, with full knowledge of same, and appurtenant rights, Defendants began engaging in a marketing campaign, including posts on third-party sites, such as "Yellowbook" and "Yelp", utilizing the Accused Mark, all with intent to deceive and confuse consumers and divert sales from Plaintiff.

22. According to one of Defendants' employees, this marketing campaign included the use of meta tags online using the term "Aloha."

23. Defendants' use of the Accused Mark is without the license or consent of Plaintiff.

24. Upon information and belief, each Defendant has enjoyed and continues to enjoy financial gain and profit from the sale and marketing of air conditioning-related services marketed with the Accused Mark.

25. Upon information and belief, Defendants were well aware and have been well aware of Plaintiff's use and ownership of the Plaintiff's Aloha Marks.

26. Upon information and belief, Defendants have been well aware that the Plaintiff's Aloha Marks were, at the time of introduction of the Accused Mark for Defendants' air conditioning-related services, widely recognized, famous and relied upon by the public and the trade as identifying Plaintiff and its services related to the sale of air conditioning-related services.

27. Additionally, notwithstanding the knowledge of Plaintiff's superior rights to the Plaintiff's Aloha Marks and the wording "Aloha Air Conditioning" and indeed by reason of such knowledge, Defendants thereafter engaged in, and it is believed will continue to engage in, a deliberate and willful scheme to trade upon and to misappropriate for themselves the goodwill represented and symbolized by the Plaintiff's Aloha Marks, through the marketing and offering of competing and/or highly related services bearing the Accused Mark in U.S. commerce.

28. The acts of Defendants complained of herein constitute willful and intentional infringement, are in total disregard of Plaintiff's rights, and were commenced, and it is believed will continue, in spite of Defendants' knowledge that their use of the Accused Mark is in direct contravention of Plaintiff's rights.

29. Defendants' aforesaid use of the Accused Mark is designed to, is calculated to and has caused actual confusion, caused mistake and deceived customers and prospective customers as to the origin or sponsorship of the services being provided by Defendants in the air conditioning-related services industry and is used to cause such customers and prospective

customers to falsely believe that services are from Plaintiff, or are sponsored, licensed, authorized, or approved by Plaintiff, all to the detriment of Plaintiff, the trade and the public.

30. The use by Defendants of the Accused Mark is without the consent, license or permission of Plaintiff.

31. Plaintiff has been damaged by Defendants' acts of infringement and/or contributory infringement.

32. Defendants' aforesaid acts have caused and will continue to cause substantial and irreparable injury to Plaintiff unless such acts are restrained by this Court.

33. Plaintiff has no adequate remedy at law.

## COUNT I – SECTION 43(A)
## UNFAIR COMPETITION AS TO MARKS

34. Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 33 as if fully set forth herein.

35. Defendants' intentional and unlawful use in commerce of the Accused Mark in connection with its services constitutes use in commerce of a word, term, name, symbol, or device, or a combination thereof, or a false designation of origin, false or misleading description, and false representation that has caused and is likely to continue to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Defendants with Plaintiff, or as to origin, sponsorship or approval of Defendants' services or commercial activities by Plaintiff.

36. Defendants' aforesaid acts and use of the Accused Mark constitute unfair competition and false designation and/or false description of origin in violation of § 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

37. Defendants' aforesaid acts have caused and will cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

38. Plaintiff has no adequate remedy at law.

## COUNT II – FLORIDA STATUTE SECTION 495.131
## FLORIDA TRADEMARK INFRINGEMENT

39. Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 33, as if fully set forth herein.

40. Defendants' aforesaid acts constitute service mark infringement of the Plaintiff's Aloha Marks under Florida Statute § 495.131.

41. Plaintiff owns and enjoys superior Florida service mark rights in the Aloha Marks in Florida in conjunction with air conditioning repair, sales and service, including, but not limited to, installation and maintenance for both commercial and residential consumers. Plaintiff's rights are superior to any rights that Defendants may claim in "Aloha" in connection with air conditioning repair, sales and services. In connection with its rights to the ALOHA MARKS for air conditioning repair, sales and service, specifically for "Aloha," "Aloha AC" and "Aloha Air", Plaintiff has obtained State of Florida Registrations Nos. T13000000638, T13000000639 and T13000000553.  A true copy of Plaintiff's registrations are attached hereto as **Composite Exhibit D**.

42. The use by Defendants of the Accused Mark for services in connection with selling air conditioning repair, sales and services in the State of Florida has caused and is likely to continue to cause confusion as to the source of the Defendants' services in that customers and potential customers have associated or will be likely to associate Defendants' services as originating with, sponsored by or authorized by Plaintiff, all to the detriment of the Plaintiff and without registrant/Plaintiff's consent. See Fla. Stat. § 495.131(1)

43. The use by Defendants of the Accused Mark on *advertisements* intended to be used in connection with the sale of services in connection with selling air conditioningrepair, sales and service in the State of Florida has caused and is likely to continue to cause confusion as to the source of the Defendants' services in that customers and potential customers have associated or will be likely to associate Defendants' services as originating with, sponsored by or authorized by Plaintiff, all to the detriment of the Plaintiff and without registrant/Plaintiff's consent. See Fla. Stat. § 495.131(2)

44. Defendants' acts, including the above complained of acts of service mark infringement, which were committed with knowledge and intent, have harmed Plaintiff's reputation, caused confusion, caused mistake, deceived the public, severely damaged Plaintiff's goodwill, and upon information and belief, have diverted sales from Plaintiff.

45. Defendants' aforesaid acts constitute an infringement of Plaintiff's State of Florida Registration Nos. T13000000638, T13000000639 and T13000000553. **See Composite Exhibit D**.

46. Defendants' aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

47. Plaintiff has no adequate remedy at law.

48. Plaintiff is entitled to recover their reasonable attorney's fees for violation of Fla. Statute §495.141.

49. Plaintiff has retained the services of the undersigned counsel to represent them in this matter and agreed to pay them a reasonable fee for which Defendants are responsible.

## COUNT III – COMMON LAW UNFAIR COMPETITION

50. Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 33, as if fully set forth herein.

51. Defendants' aforesaid acts constitute unfair competition under the common law of the State of Florida.

52. Defendants' acts of unfair competition have harmed Plaintiff's reputation, severely damaged Plaintiff's goodwill, and upon information and belief, have diverted sales from Plaintiff.

53. Defendants' aforesaid acts of unfair competition have caused and will continue to cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

54. Plaintiff has no adequate remedy at law.

## COUNT IV – COMMON LAW SERVICE MARK INFRINGEMENT

55. Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 33, as if fully set forth herein.

56. Defendants' aforesaid acts constitute service mark infringement under the common law of the State of Florida.

57. Defendants' aforesaid acts of common law service mark infringement have caused and will continue to cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

58. Plaintiff has no adequate remedy at law.

## COUNT IV – FLORIDA STATUTE SECTION 495.151
## DILUTION

59. Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 33, as if fully set forth herein.

60. Defendants' aforesaid acts constitute dilution under Fla. Stat. § 495.151.

61. Plaintiff's Mark is distinctive and famous, based on several of the statutory factors included in Fla. Stat. §495.151(1).

62. Defendants' use of the Accused Mark began after Plaintiff's Mark had become famous.

63. Defendants willfully intended to trade on Plaintiff's reputation and to cause dilution of Plaintiff's famous mark. Fla. Stat. §495.151(2).

64. Defendants' acts have caused dilution of the distinctive quality of Plaintiff's famous mark.

65. Defendants' acts of dilution have harmed Plaintiff's reputation, severely damaged Plaintiff's goodwill, and upon information and belief, have diverted sales from Plaintiff.

66. Defendants' aforesaid acts of dilution have caused and will continue to cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

67. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff prays:

A. That this Court will adjudge that the Plaintiff's Mark has been infringed as a direct and proximate result of the willful acts of Defendants as set forth in this Complaint, including Defendants' use of the Accused Mark in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. §1051 et seq., Chapter 495 of the Florida Statutes and the common law of the State of Florida;

B. That this Court will adjudge that Defendants have competed unfairly with Plaintiff in violation of Plaintiff's rights at common law and in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. §1125(a)(1)(A);

C. That this Court will adjudge that Defendants have engaged in activities, including without limitation unfair competition, in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. §1125 (a)(1)(A) and 15 U.S.C. §1125 (a)(1)(B);

D. That Defendants and all officers, directors, agents, servants, employees, attorneys, successors and assigns, and all persons in active concert or participation therewith, be preliminarily and permanently enjoined and restrained;

*Bradley Legal Group, P.A.*, 15 Northeast 13th Avenue, Fort Lauderdale, FL 33302 (954 523 6160)

1) From using the Plaintiff's Mark, the Accused Mark, the term "Aloha," any reproduction, infringement, copy or colorable imitation and any formative variations or phonetic equivalents thereof, or any term, name or mark which incorporates any of the foregoing, or any trademark(s) or service mark(s) similar thereto or likely to be confused therewith, in connection with air conditioning and heating related services or for any other goods and services related to Plaintiff's services;

2) From using any logo, trade name, service mark or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the unauthorized services of Defendants or the products sold by Defendants in connection with their services, or of any third parties, are sponsored by, authorized by or in any way associated with Plaintiff and/or that the services of Plaintiff or the products sold by Plaintiff in connection with its services are inferior to, copies of, infringing of or imitations of the services of Defendants or the products sold by Defendants in connection with Defendants' services;

3) From infringing the Plaintiff's Aloha Marks;

4) From reproducing, distributing, or otherwise using or contributing to the reproduction, distribution or use of the Accused Mark;

5) From doing any other act or thing likely to cause the public or the trade to believe that there is any connection between Defendants and Plaintiff, or their respective services;

6) From falsely representing themselves or their affiliates as being connected with Plaintiff, or sponsored by or associated with Plaintiff, or engaging in any act which is likely to falsely cause the trade, retailers, and/or members of the purchasing public to believe that

Defendants or their affiliates are associated with Plaintiff and/or that Plaintiff is associated with Defendants or infringing upon any mark of the Defendants in the use of Plaintiff's Aloha Marks;

7) That Defendants be required to recall and deliver up for destruction all goods, labels, signs, prints, packages, wrappers, inventory, advertisements, marketing or promotional materials, website pages, internet advertising, or other written or printed material and in any keyword or Adwords advertising, and any social media using the Mark in the possession or control of Defendants, or their advertisers which bear the Aloha Marks, or any infringement thereto, including but not limited to the Accused Mark, and any formative variations or phonetic equivalents thereof, or any term, name or mark which incorporates any of the foregoing, or any service marks or trademarks similar thereto or likely to be confused therewith, alone or in combination with any other word or element, and all plates, molds, matrices, and other means from making the aforesaid items;

E. That Defendants transfer to Plaintiff any other domain name owned by Defendants that includes the term "Aloha" alone or with other wording;

F. That Defendants be required to deliver a copy of Defendants' accounting of gross revenues and profits derived by Defendants' companies and affiliates in connection with the use of the Accused Mark by Defendants;

G. That Defendants be required to deliver up for destruction all goods, transfers, sketches, labels, signs, prints, packages, wrappers, receptacles, advertisements, website pages and other written, virtual or printed materials that bear the Accused Mark and/or any design similar thereto;

H. That Defendants be required to recall and deliver up for destruction all goods, labels, signs, prints, packages, wrappers, inventory, advertisements, internet advertising, website pages and other written, virtual or printed material in the possession or control of Defendants or third party advertisers which bear the Accused Mark;

I. That Defendants be directed to file with this Court and to serve upon Plaintiff within thirty (30) days after service of the injunction issued in this action a written report, under oath, setting forth in detail the manner of compliance with this Order, including all subparts;

J. That Plaintiff recover Defendants' profits and the damages of Plaintiff arising from Defendants' acts of service mark infringement, unfair competition and fraud, and that the Court, pursuant to §35 of the Lanham Act, 15 U.S.C. §1117, and Fla. Stat. §495.141 enter judgment, and that said sums be trebled as authorized pursuant to 15 U.S.C. §1117(b);

K. That Plaintiff recover such sums as are necessary to place or compensate for corrective advertising;

L. That Plaintiff have and recover, pursuant to the common law of the State of Florida, in addition to its actual damages, punitive damages in an amount which this Court deems just and proper;

M. That Plaintiff have and recover both pre-judgment and post-judgment interest on each and every damage award;

N. That Plaintiff be entitled to injunctive relief as set forth in Section 34 of the Lanham Act, and that Plaintiff have and recover the remedies set forth in Sections 35(a) and 36 of the Lanham Act, 15 U.S.C. §§ 1117(a) and 1118;

*Bradley Legal Group, P.A.*, 15 Northeast 13th Avenue, Fort Lauderdale, FL 33302 (954 523 6160)

O. That Plaintiff have and recover its reasonable attorney fees incurred in this action, pursuant to §35 of the Lanham Act, 15 U.S.C. §1117, and as otherwise authorized;

P. That Plaintiff have and recover its taxable costs and disbursements herein, pursuant to § 57.041 Florida Statutes, and

Q. That Plaintiff have and recover such further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**Bradley Legal Group, P.A.**
Counsel for Plaintiff
15 Northeast 13th Avenue
Fort Lauderdale, FL 33301
Tel: (954) 523 6160
Fax: (954) 523 6190

By:_____/s/_____
John F. Bradley, Esquire
Florida Bar No. 0779910
Email: jb@bradlegal.com